IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WEIDONG LI, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TJS-23-1633 |
| VJ & H, LTD, *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

This case is assigned to me for all proceedings by the parties' consent, pursuant to 28 U.S.C. § 636(c). ECF No. 32. Pending before the Court is the Motion to Dismiss ("Motion") (ECF No. 33) filed by Defendants VJ & H, LTD. d/b/a Nails Obsession and Hue Nguyen ("Ms. Nguyen"). ECF No. 33. Having considered the parties' submissions (ECF Nos. 33, 35, 38, 39 & 40), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be denied.

**I.   Background**

Plaintiff Weidong Li brought this lawsuit on behalf of himself and other similarly situated employees of Defendants. ECF No. 5. Plaintiff alleges that during the time when he was employed by Defendants, they did not comply with the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Code, Lab. & Empl. § 3-401 *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. § 3-501 *et seq.* ("MWPCL"). Defendants timely moved to dismiss and their Motion is ripe for decision.

## II.     Factual Allegations

The following facts are accepted as true for the purpose of evaluating this Motion. Plaintiff worked for Defendants between 2021 and 2022 as a nail salon worker.[1] ECF No. 5 ¶ 24. Plaintiff generally worked 62 hours per week. *Id.* ¶¶ 26-27. Plaintiff was paid on commission, according to the amount his clients spent at the nail salon. *Id.* ¶¶ 29-31. Defendants never informed Plaintiff of his hourly wage and never paid him overtime pay for the hours worked over 40 hours in any week. *Id.* ¶¶ 80-81. Plaintiff apparently worked with customers but also spent more than 20% of each workday performing non-tipped work (cleaning). *Id.* ¶¶ 82-83. And for the tipped work that Plaintiff did perform, Defendants misappropriated his tips by deducting 20% from the tips due to Plaintiff. *Id.* ¶ 84. Defendants did not provide statements reflecting Plaintiff's weekly pay, including the rate of pay and deductions made from Plaintiff's pay, in Chinese, Plaintiff's native language. *Id.* ¶ 85. Plaintiff was required to buy his own tools and equipment and was sometimes directed to buy materials for the nail salon and personal items for Ms. Nguyen. *Id.* ¶¶ 87-90.

## III.    Discussion

### A.     Legal Standard

Rule 12(b)(6) permits a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, [and not to] resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (internal quotation marks

---

[1] Plaintiff did not work for Defendants between January 31, 2021, and June 1, 2021. ECF No. 5 ¶ 25.

omitted). A complaint must consist of "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). While a court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint generally "does not need detailed factual allegations." *Id.* So long as the factual allegations are "enough to raise a right to relief above the speculative level," the complaint will be deemed sufficient. *Id.* A "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and that a recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

### B.    Failure to State a Federal Claim

Defendants move to dismiss Plaintiff's Complaint because it fails to state a claim under federal law, thus depriving this Court of subject matter jurisdiction.[2] ECF No. 33-1 at 6-8.

---

[2] Defendants' argument is premised on Rule 12(b)(6), not Rule 12(b)(1). Under Rule 12(b)(1), the Court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. Ric*hmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). But the Court should grant a Motion under Rule 12(b)(1)

Defendants argue that Plaintiff has failed to state a claim under the FLSA because Defendants are in possession of evidence extrinsic to the allegations in the Complaint (unauthenticated tax returns) that shows that Defendants' gross sales were less than $500,000 in both 2021 and 2022. Defendants argue that because their gross sales do not meet the statutory threshold, they fall outside the FLSA's enterprise coverage. *See* 29 U.S.C. § 203(s)(1) (defining an enterprise engaged in commerce or the production of goods for commerce as one that, among other things, "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)"). If Plaintiff's FLSA claims are dismissed, the Court will no longer have jurisdiction over the remaining state law claims because none of them raise a federal question and there is not complete diversity between the parties.

The Court rejects Defendants' argument. Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." But a Court has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it, or simply not consider it." *Sager v. Hous. Comm'n of Anne Arundel Cnty.*, 855 F. Supp. 2d 524, 542 (D. Md. 2012). In determining whether to exercise its discretion to convert a motion to dismiss into one for summary judgment, a court should exercise "great caution" and consider whether conversion "is likely to facilitate the disposition of the action . . . [and] whether discovery prior to the utilization of the summary judgment procedure is

---

"only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768; *Roman v. Guapos III, Inc.*, 970 F. Supp. 2d 407, 411 (D. Md. 2013). Even if Defendants had moved to dismiss under Rule 12(b)(1), the Court would have reached the same result.

necessary." *Id.* "This conversion is not appropriate when the parties have not had an opportunity to conduct reasonable discovery." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015).

The Court declines to consider the extrinsic evidence that Defendants have attached to their Motion, and declines to convert the Motion into a motion for summary judgment. Plaintiff has not yet conducted discovery. Considering the allegations of Plaintiff's Complaint, it is unlikely that Plaintiff has much information about Defendants' gross sales in 2021 and 2022. Further, "[t]ax forms . . . are not presumptively reliable or authentic, and may be shown to be incredible or unreliable by a plaintiff." *Gao v. Kerry Nails Salon Corp.*, No. 18-10448-PGG, 2021 WL 673460, at *3 (S.D.N.Y. Feb. 22, 2021). Plaintiff must be allowed an opportunity to take discovery before the Court considers whether summary judgment is warranted.

Defendants also argue that the Court lacks jurisdiction because Plaintiff was not "engaged in commerce or in the production of goods for commerce." ECF No. 33-1 at 7-8 (citing 29 U.S.C. § 207(a)). But in other cases, this Court has found nail salon employees to be engaged in commerce or in the production of goods for commerce. *See, e.g.*, *De Paredes v. Zen Nails Studio, LLC*, 2023 WL 2207405 (D. Md. Feb. 24, 2023). Other courts have reached the same conclusion. *See Gao*, 2021 WL 673460, at *3 ("The Court concludes that the nail salon's employees handle and work with products – such as nail polish and nail polish remover – that have traveled in interstate commerce."). The Court is not persuaded it should reach a different result based on an opinion from the United States Court of Appeals for the Eleventh Circuit, *see* ECF No. 33-1 at 7, which arises from a different factual predicate. *See Helfand v. W.P.I.P., Inc.*, 165 F. Supp. 3d 392, 399 at n.8 (D. Md. 2016) (declining to dismiss a complaint based on the reasoning set forth in *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1267 (11th Cir. 2006) because, among other reasons

"the court reached its decision in light of an evidentiary record; in the instant case, by contrast, litigation has only just commenced, and discovery is not yet underway.").

C.  **"Contradictory and Ambiguous Statements"**

Defendants argue that the Complaint must be dismissed because the Complaint contains self-contradicting statements that are confusing to Defendants. The Court rejects this argument because, as a whole, the Complaint gives Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

D.  **Plaintiff's Citation to the Wrong Statute in Count II**

Defendants argue that Plaintiff fails to state a plausible claim for relief in Count II because the Complaint refers to a statute that plainly does not apply to Plaintiff's claim. ECF No. 5 ¶¶ 107-112 (citing Md. Code, Lab. & Employ. § 3-416, which concerns federally funded projects undertaken by certain gas and electric companies). Plaintiff states that Count II of the Complaint refers to the wrong section of the Maryland Code, and that Plaintiff intended to refer to Md. Code, Lab. & Employ. § 3-413, which concerns Maryland's state minimum wage. Plaintiff seeks leave to amend the Complaint to correct the error. As explained below, the Court will grant Plaintiff leave to file an amended complaint. The Motion is denied inasmuch as it seeks the dismissal of Count II.

E.  **Plaintiff's Allegations in Count V**

Defendants argue that Count V must be dismissed because Plaintiff does not plausibly allege that Defendants failed to provide the notice required by Md. Code, Lab. & Empl. § 3-504(a)(1). ECF No. 33-1 at 9-10. Having reviewed Plaintiff's Complaint, the Court finds that Plaintiff has plausibly alleged that Defendants did not provide Plaintiff the notice required by § 3-504. The Court notes that Plaintiff's Complaint contains another uncorrected error in paragraph

130, where Plaintiff refers to the time of "firing" instead of the time of hiring. ECF Nos. 5 at 19; 38-3 at 19. The Motion is denied as to Count V.

F.     **Employee vs. Independent Contractor**

Defendants argue that Plaintiff's claims in Counts II, IV, and V must be dismissed because Plaintiff was an independent contractor, not an employee of Defendants, and the referenced statutes only protect employees. ECF No. 33-1 at 10-12. In determining whether an individual qualifies as an employer for purposes of the FLSA and related Maryland statutes (and thus whether Plaintiff is an employee or independent contractor), "[t]he overarching concern is whether [the individual] possessed the power to control the workers in question."[3] *Prusin v. Canton's Pearls, LLC*, No. JKB-16-0605, 2017 WL 5126156, at *11 (D. Md. Nov. 6, 2017). The Court looks to the "economic reality" test to determine the employer's level of control, considering factors such as "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* "None of the four factors is dispositive; rather, a court should consider the totality of circumstances," including additional considerations such as "the person's job description, his or her financial interest in the enterprise, and whether or not the individual exercises control over the employment relationship." *Id.* (internal quotations omitted).

---

[3] The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An "employee" is defined as "any individual employed by an employer," *id.* § 203(e)(1), and "employ" means "to suffer or permit to work." *Id.* § 203(g). "The Supreme Court has instructed courts to construe the terms 'employer' and 'employee' expansively under the FLSA." *See Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 768 (D. Md. 2008) (citing *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992); *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)).

Plaintiff has plausibly alleged that Defendants were his employers. He alleges that Defendants had the power to hire and fire him, supervised and controlled his work schedule, determined the rate and method of his payment, and maintained employee records. ECF No. 5 ¶¶ 12-15. Although the details of these allegations are sparse, they are sufficient to put Defendants on fair notice of Plaintiff's claims against them. The parties will have the opportunity to obtain evidence pertinent to the "economic reality" test during discovery. With the benefit of discovery, the Court will be in a better position to determine whether Plaintiff was an employee or independent contractor in his work for Defendants. *See generally Wilson v. Marlboro Pizza, LLC*, No. PX-22-1465, 2023 WL 3122130, at *3 (D. Md. Apr. 27, 2023) ("[A]lthough at this stage, the specifics of each employment-related act are wanting, in the aggregate they make plausible that Wilson was 'economically dependent' on Defendants for his employment, rather than being 'in business for himself.'"); *Brown v. Rapid Response Delivery, Inc.*, 226 F. Supp. 3d 507, 512 (D. Md. 2016) ("[W]hether Plaintiffs are employees or independent contractors is a legal question which the Court must determine based on the facts developed in discovery."); *Rollins v. Rollins Trucking, LLC*, No. JKB-15-3312, 2016 WL 81510, at *3 (D. Md. Jan. 7, 2016) (explaining that "courts in this District have allowed similarly pleaded FLSA/MWHL claims to proceed to discovery"); *Astorga v. Castlewood Consulting, LLC*, No. GJH-14-4006, 2015 WL 2345519, at *4 (D. Md. May 14, 2015) ("Ultimately, after discovery, the Court will evaluate these factors and apply them to the facts of the case. That time, however, has not yet arrived.").

  **G. Plaintiff's Request for Leave to File Amended Complaint**

Plaintiff seeks leave to file an amended complaint to correct typographical errors. ECF No. 35 at 17. Rule 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave."

Fed. R. Civ. P. 15(a)(1)(B). The Rule requires courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has liberally construed this standard, such that leave to amend should be denied only if prejudice, bad faith, or futility is present. S*ee Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). Defendants did not register any opposition to Plaintiff's request to file an amended complaint. And the Court finds good cause to grant Plaintiff the requested leave. Plaintiff's motion for leave to file an amended complaint (ECF No. 38) is **GRANTED**. Plaintiff's Amended Complaint (ECF No. 38-3) will be deemed filed as of the date of this Memorandum Opinion.

### IV.     Conclusion

For these reasons, Defendants' Motion to Dismiss (ECF No. 33) is **DENIED**. Plaintiff's motion for leave to file an amended complaint (ECF No. 38) is **GRANTED**. Defendants shall file an answer to the Amended Complaint within 14 days of the date of this Memorandum Opinion and accompanying Order. Thereafter, the Court will enter a scheduling order so that the parties may proceed with discovery. The Court will not entertain any motion for summary judgment until after the close of discovery.

Date: February 6, 2024                              /s/
                                                    Timothy J. Sullivan
                                                    Chief United States Magistrate Judge